IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SPARTA INSURANCE COMPANY,<br>a Foreign Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARY W. SMITH, as Personal<br>Representative of the Estate of LAURA<br>ELIZABETH PULLAM, deceased,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:11cv108-WHA-SRW<br>)                            (WO)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

This case is before the court on a Motion to Dismiss (Doc. #11) filed by Defendant Mary W. Smith ("Smith").

Plaintiff, Sparta Insurance Company ("Sparta"), filed a Complaint in this court on February 15, 2011, against Smith. In the Complaint, Sparta requests that this court grant declaratory judgment in its favor and find that it owes no obligation to provide insurance benefits to Smith in a currently-pending Alabama state court action. Smith has moved to dismiss Sparta's Complaint in its entirety, on the basis of abstention, due to the fact that the issue Sparta seeks to resolve in this declaratory judgment action is currently being litigated in the state court action.

The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity), because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED.

## II.  <u>MOTION TO DISMISS STANDARD</u>

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* _ U.S. _, 129 S. Ct. 1937, 1949-50 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The factual allegations "must be enough to raise a right to relief above the speculative level."  *Id.* at 555.

---

[1]The parties agree at this time that there is $225,000 in underinsured motorist coverage available under the policy.  Doc. #18.

### III.  <u>FACTS</u>

The allegations of the Plaintiff's Complaint are as follows:

On December 15, 2010, Laura Elizabeth Pullam died after she was struck by a motor vehicle while in or around the median of Interstate 65 in Montgomery County, Alabama.  At the time she died, Pullam was employed by Lifestar Response Corporation ("Lifestar").  Sparta is Lifestar's underinsured[2] motorist insurance carrier.

Smith, the personal representative of Pullam's estate, filed suit in the Circuit Court of Montgomery, Alabama against the driver of the vehicle that hit Pullam.  Subsequently, Smith amended her Complaint to add a claim against Sparta, under Alabama Code Section 32-7-23.  In this claim, Smith alleged that Lifestar's underinsured motorist policy, issued by Sparta, covered Pullam at the time of her death, and that "[t]he full amount of the insurance policy, plus interest, is due from [Sparta] for injuries Laura Pullam sustained which lead [sic] to her death."  Doc. #1-2 ¶ 27.

Sparta asserts that Pullam was not covered by the policy at the relevant times of this case, because Pullam was not "occupying" a vehicle as defined by the underinsured motorist policy. Compl. ¶ 6.  Therefore, after Smith filed the state court action, Sparta brought the instant declaratory judgment action to have this court order that Sparta has no duty to provide underinsured motorist benefits to Pullam's estate.

---

[2]In 1984, the Alabama Legislature "amended the term 'uninsured motor vehicle' to include 'underinsured' motor vehicle."  *See, e.g.*, *Guess v. Allstate Ins. Co.*, 717 So. 2d 389, 390 (Ala. Civ. App. 1998) (citing Ala. Code § 32-7-23(b)(4)).

## IV. <u>DISCUSSION</u>

Smith argues that this court should abstain from exercising jurisdiction over Sparta's declaratory judgment action, under the *Wilton-Brillhart* Abstention Doctrine, and dismiss this action in favor of the currently-pending state court action.  The court agrees.

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281-82 (1995) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942)).  In declaratory judgment actions, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288.

The Supreme Court has stated that: "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495; *see also Wilton*, 515 U.S. at 279-81 (declining to exercise jurisdiction over a federal declaratory judgment action when an insurer sought, in the federal action, a declaration that it was not liable on an insurance policy, and the insured filed a state lawsuit raising the same coverage issues).  Under the *Wilton-Brillhart* Abstention Doctrine, both the Eleventh Circuit and Supreme Court have followed this guidance and cautioned against a district court exercising its jurisdiction over a declaratory judgment action when the declaratory judgment action is parallel to a state proceeding.  *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting *Brillhart*, 316 U.S. at 495).

If a declaratory judgment action is parallel to a state proceeding, the Eleventh Circuit has set forth nine factors for district courts to consider when determining whether to exercise jurisdiction over such a suit. *Id.* at 1331. However, if a suit is not parallel to a state court suit, then the *Wilton-Brillhart* Abstention Doctrine does not apply, and the court need not analyze its nine factors. *Specialty Underwriters Alliance v. Peebles McManus LLC*, 643 F. Supp. 2d 1298, 1301 (M.D. Ala. 2009) (Fuller, C.J.) ("Here, neither the parties nor the issues are the same in the underlying state suit. . . . Hence, this case is unlike *Brillhart*, *Wilton*, and [*Ameritas*], which all involved (and only bind this Court with respect to) 'parallel' proceedings between the same parties and involving the same issues."); *Nat'l Trust Ins. Co. v. Burdette*, No. 2:11cv71–WHA–TFM, 2011 WL 1807675 (M.D. Ala. May 11, 2011) (Albritton, J.) (same); *Auto-Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc.*, No. 8:09-cv-1129-T-24 MAP, 2009 WL 3446745, at *2 (M.D. Fla. Oct. 21, 2009) (same).[3]

## A.    Parallel Suits

The first issue this court must address is whether this declaratory judgment action is parallel to the state court action. To be parallel, under *Ameritas*, the declaratory judgment action must (1) present the same issues; (2) not be governed by federal law; and (3) be between the same parties as the state court action. *Ameritas*, 411 F.3d at 1330. All three elements are satisfied in this case.

---

[3]The court may also exercise its discretion not to exercise jurisdiction over a non-parallel declaratory judgment action, albeit under a reason other than the *Wilton-Brillhart* Abstention Doctrine.

First, the exact issue presented in this declaratory judgment action is presented in the state court action. In the state court action, Smith seeks an insurance payout from Sparta, on the ground that Pullam was covered by Sparta's policy at the time of the accident. Similarly, in this case, Sparta seeks a determination that Pullam was not covered by the policy at the time of the accident, and therefore, that Sparta need not pay benefits to Smith in the state court action.

Sparta argues that the issues in the two cases differ. Sparta argues that the issue of whether Pullam was covered by the insurance policy cannot be raised in the state court action, because the interpretation of an insurance contract is neither an element that an insured need prove, nor is it an available defense, in an action for underinsured motorist benefits. The court disagrees. There is a large amount of Alabama case law that supports the notion that the interpretation of an insurance contract is indeed an issue, if not the central issue, that must be resolved in an action for a payout of insurance benefits. *See, e.g.*, *Roberts v. Am. Nat'l Prop. & Cas. Co.*, 976 So. 2d 1005, 1006-07 (Ala. 2007) (Cobb, C.J., dissenting); *Cook v. Aetna Ins. Co.*, 661 So. 2d 1169, 1170 (Ala. 1995). Indeed, in a recent order in Smith's state court action staying Smith's claims against the tortfeasor, the state court stated that "[t]he parties shall be allowed to conduct limited discovery on the *issues of insurance coverage* which may be available to provide coverage for the claims asserted by [Smith] in this case." Doc. #16-1 ¶ 2 (emphasis added). Therefore, not only is it possible that the issue of insurance coverage could be raised in the state court action, but *that issue has actually been raised* and is pending before the state court.

Second, the issue of whether Sparta's insurance policy covered Pullam at the time of the accident is not governed by federal law. Rather, this issue involves the interpretation of an Alabama contract. Neither party contests this point.

6

Third, both the state and federal actions have identical parties in all relevant respects. Sparta first argues that the parties are not identical, because in Alabama, an insurer has a right to opt out of litigation against it by an injured party for uninsured motorist coverage, so long as the trial court approves the withdrawal for timeliness.  Pl.'s Resp. at 2 (citing *Lowe v. Nationwide Ins. Co.*, 521 So. 2d 1309, 1310 (Ala. 1988)).  Whether or not this doctrine applies to the instant case, the court notes that Sparta has *not* opted out of the state court suit at this time, and Sparta cites no authority that the mere ability to opt out of the state court suit would make the declaratory judgment action non-parallel to the state court suit.  *Cf. Ameritas*, 411 F.3d at 1331 ("[T]he district court expressed concern about its ability to appropriately exercise supplemental jurisdiction over the non-diverse third-party litigants if Mrs. Roach were to seek to join them. The district court noted that . . . the issue was moot because Mrs. Roach had not attempted such a joinder.").

Sparta next argues that the parties are not identical because, in this declaratory judgment action, the only parties are Smith and Sparta, whereas in the state court suit, Smith has sued both Sparta *and* an additional party–the tortfeasor who struck and killed Pullam.  However, the "identical parties" requirement does not mean that each party in the federal action must be identical to each party in the state court action.  *See, e.g.*, *Universal Underwriters Serv. Corp. v. Melson*, 953 F. Supp. 385, 386 (M.D. Ala. 1996) (Thompson, J.) (abstaining when federal suit was between Universal Underwriters and Melson, but state court suit was between Melson, Universal Underwriters, and three other parties); *Ryan Int'l Airlines, Inc. v. E. Trust SUB-2*, No. 10 C 50135, 2011 WL 893041, at *5 (N.D. Ill. Mar. 14, 2011) (finding parties identical for *Wilton-Brillhart* purposes despite the fact that state complaint named parties who were not

7

parties to federal complaint, so long as the relevant counts of the state court complaint contained identical parties to the federal action). The real question is *not* the presence of parties in any capacity to the state court suit, but rather, the presence of parties to the state court suit who are involved in the same *issue* that is presented in the federal declaratory action. *See Travelers Cas. & Sur. Co. of Am., Inc. v. E. Beach Dev., LLC*, No. 07-0347-WS-B, 2007 WL 3407049, at *6 (S.D. Ala. Nov. 9, 2007) (finding additional claims and parties in state court action irrelevant to parallelism analysis if the additional claims "have nothing to do with [the federal] request for a declaratory judgment"); *cf. Melson*, 953 F. Supp. at 387 (abstaining, and noting that "the relevant determinant is not whether the state court litigation involves the identical issues in form as the federal action, but rather whether the substance of the federally pleaded issues will be resolved in state court").

    Applying that rule to this case, the court concludes that the "identical parties" requirement is met in this case. The common issue between this case and the state court action is the issue of insurance coverage. Smith and Sparta are parties to this federal action, and Smith, Sparta, and the tortfeasor are parties to the state court action. However, in the state court action, only Sparta, and not the tortfeasor, is involved with the issue of insurance coverage. Therefore, with respect to the common issue, the parties are identical, and the "identical parties" requirement is met.

    In sum, the court concludes that this action is parallel to the state court action.


**B.    *Ameritas* Analysis**

When a federal declaratory judgment action is parallel to a state court action, a district

court should consider the nine factors discussed by the Eleventh Circuit in *Ameritas*.  The

Eleventh Circuit has stated that this list is "neither absolute nor is any one factor controlling."

*Ameritas*, 411 F.3d at 1331.  These factors are:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

> (2) whether the judgment in the federal declaratory action would settle the controversy;

> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

> (6) whether there is an alternative remedy that is better or more effective;

> (7) whether the underlying factual issues are important to an informed resolution of the case;

> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.*

The first factor weighs in favor of abstention.  Alabama has a strong interest in having the

issues raised in this suit decided in the state courts, because Pullam was an Alabama resident

(and Smith is an Alabama resident), and Pullam was allegedly covered by the underinsured

motorist policy issued by Sparta in Alabama to Pullam's employer, Lifestar Corporation of

Alabama.  *See, e.g.*, *Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1239 (S.D. Ala. 2006)

(finding first factor favored abstention when the legal issues presented "are all Alabama state law

issues concerning[, among other issues,] interpretation of an insurance contract issued to an

Alabama business in the state of Alabama . . . ."); *Amerisure Mut. Ins. Co. v. Paragon Const. &*

*Dev., Inc.*, No. 2:06cv1047-MHT, 2007 WL 2893404, at *2 (M.D. Ala. Sept. 28, 2007)

(Thompson, J.).

      The second and third factors, when considered together, favor abstention.  While ruling

on the instant declaratory judgment action would provide some clarification and utility to the

parties, the ruling would not fully and finally resolve the parties' dispute.  This is because the

state action involves not only Smith's claim against Sparta, but also Smith's claim against a

separate party, on separate legal grounds.  *See, e.g.*, *Rolison*, 434 F. Supp. 2d at 1239 (finding

second factor favored abstention because the state court action contained parties and issues in

addition to those raised in the federal court action); *Paragon*, 2007 WL 2893404, at *2 (finding

that second and third factors, considered together, favored abstention because, although a ruling

would "lend clarity to the parties' legal relationship, such a ruling would not necessarily settle the

controversy").  For instance, if it is determined that there is coverage, the total amount that Smith

may recover from Sparta may not be certain until the claims against the tortfeasor are resolved.

*See McKinney v. Nationwide Mut. Fire Ins. Co.*, 33 So. 3d 1203 (Ala. 2009) (discussing setoff).

      The fourth factor, "procedural fencing," weighs in favor of abstention.  This factor asks

whether the declaratory judgment action was used for forum-shopping purposes, by, for instance,

trying to "race for *res judicata*" or "achieve a federal hearing in a case otherwise not removable."

*Ameritas*, 411 F.3d at 1331.  Some courts have found the timing of the filing of the declaratory action in relation to the filing of the state court action to be an important fact in determining whether procedural fencing has occurred.  *See, e.g.*, *Paragon*, 2007 WL 2893404, at *3 (finding the fourth factor did not favor or disfavor abstention when the declaratory judgment action was filed *before* the state court action).  In this case, the declaratory judgment action was filed *after* the state court action, which could not be removed to federal court, suggesting procedural fencing by Sparta.

The fifth factor weighs in favor of abstention because this court's declaratory judgment decision might conflict with how the state court might otherwise interpret the insurance contract based on Alabama law, as to Sparta's liability.  This court's ruling may have "*res judicata* effect on the [state] court's ability to hear and decide the same issue, even if the [state] court disagrees with [this] court's determinations."  *Rolison*, 434 F. Supp. 2d at 1241.

The sixth factor weighs in favor of abstention because an adequate, and better, alternative remedy to the instant action is available: to have the claim in this case resolved in state court. *Paragon*, 2007 WL 2893404, at *3 ("It is the wiser course to have these issues determined together, rather than allowing piecemeal, fractured litigation to emerge between the federal and state courts.").

The seventh and eighth factors are neutral.  Those factors ask whether "the underlying factual issues are important to an informed resolution of the case," and, "whether the state trial court is in a better position to evaluate those factual issues than is the federal court."  *Ameritas*,

411 F.3d at 1331.  In this case, the litigated issue appears to be a legal, not factual one: whether

Pullam was covered under the terms of the policy.[4]

The ninth factor weighs in favor of abstention as well, because the state court complaint

raises "exclusively state law issues and implicates exclusively state law public policies, with no

reference whatsoever to federal common or statutory law." *Rolison*, 434 F. Supp. 2d at 1242; *see

also Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 390-91 (5th Cir. 2003) ("[I]f the

federal declaratory judgment action raises only issues of state law and a state case involving the

same state-law issues is pending, generally the state court should decide the case and the federal

court should exercise its discretion to dismiss the federal suit.").

Sparta argues that several of these factors actually weigh in its favor, because "the

declaratory action also serves the useful purpose of preventing the injection of insurance

coverage into the liability suit."  Pl.'s Resp. at 5.  In other words, Sparta claims that it filed this

declaratory judgment action to avoid the prejudice of combining an insurance coverage issue

with a tort liability issue at trial in the state court.  The court rejects Sparta's argument, because

the state court has the authority to alleviate the potential prejudice that Sparta complains of.

First, Alabama Rule of Civil Procedure 18(c) states that "in no event shall this or any other rule

---

[4]To the extent that there is a factual issue, the state trial court is in a better position than this court to resolve this issue due to the fact that it potentially faces overlapping factual issues that this court does not face.  Specifically, there are two claims in the underlying state court action, and only one before this court in the declaratory judgment action, and these claims may have overlapping factual predicates.  Sparta's argument that Pullam was not covered by its insurance policy may turn on the fact of where Pullam's body was at the time of the accident, a fact that also may be relevant to the issue of the tortfeasor's liability for striking Pullam with a car.  By deciding this factual issue, the state court (or jury) will potentially find a fact that applies to both claims.  Moreover, if this court were to decide that fact differently, it would create a potential for inconsistent judgments.  *Paragon*, 2007 WL 2893404, at *4 (finding seventh and eighth factors favored abstention because of factual overlap).

be construed to permit a jury trial of a liability insurance coverage question jointly with the trial of a related damage claim against an insured." Ala. R. Civ. P. 18(c). Second, in the non-jury context, if the state court finds that trying both issues in the same trial would be problematic, it may order separate trials. Ala. R. Civ. P. 42. In other words, while both the insurance coverage issue and tort liability issue are present in the state court *action*, they need not be *tried* together. Therefore, Sparta's argument on this point is unpersuasive.[5]

The above analysis demonstrates that the nine *Ameritas* factors collectively counsel in favor of this court declining jurisdiction over the declaratory judgment action at this time.


**C.     Stay Versus Dismissal**

The *Wilton-Brillhart* Abstention Doctrine gives this court authority to decide "whether to stay *or* dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton*, 515 U.S. at 286 (emphasis added). Smith has requested that the court dismiss the declaratory judgment action, and Sparta requests that this court stay, rather than dismiss, the action.

Sparta argues that a stay is more appropriate than a dismissal because it would "spare the Plaintiffs a risk of a time bar should the matter not be resolved in state court." Pl.'s Resp. at 10. In support, Sparta cites *Amer. Nat'l Prop. & Cas. Co. v. Crawford*, No. CIV.A.00-0123-P-M, 2000 WL 1137218 (S.D. Ala. July 19, 2000), which stayed a case after deciding to abstain under *Wilton-Brillhart*, and quoted *Wilton* for the proposition that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because

---

[5]The court notes that the state court suit is currently stayed with respect to the tortfeasor but not with respect to Sparta. Ex. A to Pl.'s Reply Br. at 1.

it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Id.* at *2 (quoting *Wilton*, 515 U.S. at 288 n.2). Sparta's argument is problematic for two reasons. First, the *Crawford* case is easily distinguishable from the facts of the case at bar, as the *Crawford* court noted that the declaratory judgment claims were "not issues which the state court actions will directly resolve." *Id.* In this case, as previously discussed, the state court will directly address the issues in the instant declaratory judgment action. Second, Sparta fails to explain how it could potentially be time-barred from filing a later declaratory judgment action.

The court concludes that dismissing, rather than staying, this case is the appropriate action. While the court recognizes *Wilton*'s statement that a stay is often preferable to avoid the risk of a time bar, Sparta has made no serious argument that there is any such risk. Additionally, final resolution of the state court action would completely resolve the issue in this declaratory judgment action. *See Rolison*, 434 F. Supp. 2d at 1246 (finding dismissal warranted because there was no risk of time bar, and to avoid the potential for forum shopping); *Cincinnati Specialty Underwriters Ins. Co. v. M&M, LLC*, No. 1:10–CV–1053–WKW, 2011 WL 1545314, at *3 (M.D. Ala. Apr. 25, 2011) (Watkins, J.) (dismissing state action because (1) neither party argued that the action would be left unresolved by the state court and thus return to federal court; (2) there were no statute of limitations problems with respect to re-filing the declaratory judgment action later; and (3) dismissing the suit would discourage forum-shopping); *but see Travelers Indem. Co. v. Plantation Oaks of Ala.*, Inc., No. 3:08cv637-MHT, 2009 WL 902484, at *5 (M.D. Ala. Mar. 31, 2009) (Thompson, J.) (staying rather than dismissing "because a dismissal motion is pending in the parallel state-court action and, thus, . . . it is unclear whether

the state-court action will remain pending"); *Southern-Owners Ins. Co. v. Alpha Homes*, No. 8:10-cv-1590-T-23TBM, 2010 WL 5060826, at *2 (M.D. Fla. Dec. 6, 2010) (choosing to stay, rather than dismiss, "because of the possibility that a final resolution of the state case would not completely dispose of the controversy").


## V.  <u>CONCLUSION</u>

For the foregoing reasons, it is hereby ORDERED that the Motion to Dismiss (Doc. #11) is GRANTED, and this case is DISMISSED without prejudice.  Costs are taxed against the Plaintiff.


Done this 3rd day of June, 2011.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE